308 P.2d 948

**Dale M. FRETZ, Plaintiff and Respondent,**

**v.**

**Ray ANDERSON, as Administrator of the Estate of Mack F. Anderson, Deceased, Ringsby Truck Lines, Inc. and Adam Lehle, Defendants and Appellants.**

**No. 8334.**

Supreme Court of Utah.

March 25, 1957.

Rich & Strong, Salt Lake City, for appellants.

Richard W. Brann, Ogden, for respondent.

McDONOUGH, Chief Justice.

Respondent's petition for rehearing raises one question not previously presented to the court in this case, 5 Utah 2d 290, 300

P.2d 642, 650. That question addresses itself to the following statement in the opinion of the court:

"That statute [78–11–12, U.C.A. 1953] specifically provides for survival of 'causes of action arising out of physical injury to the person or death,' but does not indicate that an action for property damage survives the death of the tortfeasor. For this reason, should plaintiff succeed upon the second trial of this case, she may not recover the amount claimed for loss of her automobile."

Respondent while conceding that the construction of the cited statute may be correct, nevertheless, contends that regardless of 78–11–12, U.C.A.1953 the cause of action for damage to the automobile survives by virtue of Sec. 75–11–7, U.C.A.1953. She cites Morrison v. Perry, 104 Utah 151, 173, 140 P.2d 772 in support of her position.

We think there is merit to her argument. Morrison v. Perry, supra, construed Sec. 102–11–6, R.S.U.1933 (now Sec. 75–11–6, U.C.A.1953) as preserving to an executor or administrator a right of action against a tort-feasor who had damaged the car of the administrator's intestate. The next succeeding section of the statutes, Sec. 75–11–7, grants to a person or his personal representative a right to maintain an action against an executor or administrator of a testate or intestate who has been guilty of a delict relative to property of another, in the same words that the preceding section employs in granting such right to an executor or administrator.

We are, therefore, of the opinion that Morrison v. Perry, supra, is controlling. The opinion heretofore rendered is consequently modified by striking therefrom the quoted portion indicating that the plaintiff may not recover for the damage done to her automobile. In other respects the opinion is adhered to and the petition for rehearing is denied.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.